| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL V | | |
| EL PUEBLO DE PUERTO RICO<br>**Recurrido**<br><br>V.<br><br><br>REY RIVERA FÉLIX<br>**Peticionario** | KLCE202400950 | *CERTIORARI*<br>procedente del Tribunal de Primera Instancia de Caguas<br><br>Núm Caso:<br>E BD2019G0369<br><br>Sobre:<br>Delito Contra Bienes/Derecho Patrimonial |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 10 de septiembre de 2024.

El 3 de septiembre de 2024, el Sr. Rey Rivera Félix (señor Rivera o peticionario), miembro de la población correccional, compareció ante nos, por derecho propio, y solicitó la revisión de una Sentencia que el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI) dictó en su contra. Particularmente, en su recurso, se limitó a solicitar que enmendáramos la referida Sentencia con el fin de reducir su pena en un 25% ya que contaba con más atenuantes que agravantes según la fijación de la pena.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7.

Por los fundamentos que expondremos a continuación, expedimos el recurso de epígrafe y ***desestimamos*** por falta de jurisdicción por prematuro.

I.

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López v. CFSE*, 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro) *Cordero v. Oficina de Gerencia de Permisos y otros*, 187 DPR 445, 457 (2012). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *González v. Mayagüez Resort & Casino*, supra, pág. 856. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso*, 194 DPR 96, 103 (2015). Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

De otra parte, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen

ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. La referida regla, en lo pertinente, dispone que:

> [...]
>
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> **(1) que el Tribunal de Apelaciones carece de jurisdicción.** (Énfasis suplido).
>
> [...]
>
> (C) El Tribunal de Apelaciones a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.

## II.

Es harto sabido que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias se tienen que resolver con preferencia. Por consiguiente, de entrada, resolvemos que no tenemos jurisdicción para enmendar la Sentencia que dictó el TPI en contra del peticionario. Este asunto no ha estado ante la consideración del TPI. Dicho esto, el peticionario deberá presentar el asunto de la enmienda a la Sentencia ante el TPI. Luego de que el TPI atienda dicho asunto y emita un dictamen a tales efectos, el peticionario, de ser necesario, podrá comparecer ante nos para la revisión del dictamen emitido. En consecuencia, nos encontramos forzados a desestimar el recurso de epígrafe por prematuro conforme a la facultad que nos otorga la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *supra.*

III.

Por los fundamentos antes expuestos, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción por prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

                         Lcda.  Lilia M. Oquendo Solís
                    Secretaria del Tribunal de Apelaciones